IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KEISHA MAMON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **CIVIL ACTION #** |
| | ) | **1:13-cv-02301-AT-GGB** |
| **MIDLAND FUNDING, LLC, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS**

Now comes the Plaintiff and files these Objections to the Magistrate's Report and Recommendations pursuant to Rule 56 of the Federal Rules of Procedure, the Local Rules and 28 U.S.C. § 636(b)(1)(B) which grants Defendants' Motion to Dismiss on all counts of Plaintiff's Complaint to preserve her right to de novo review by the District Court and the Court of Appeals.

1. Plaintiff Objects to The Magistrate's findings as the wrong standard was applied to review of this Motion.  First and foremost this case was not originally pled in Federal Court, thus the pleadings comply with State standards and the Plaintiff should be given the opportunity to comply with Federal Pleading Standards if the pleading does not comply with Rule 8.

2. Plaintiff objects to the Magistrate's report as it did not take all elements of Plaintiff's complaint as true as required by the standard of review for Motions to Dismiss.

3. Plaintiff Objects to The Magistrate's findings as a defendant may not obtain a judgment on the pleadings on basis of allegations in his answer to which no reply is necessary. Lord v. Smith, 143 Ga. App. 378, 238 S.E.2d 731 (1977). Defendants' motion is based on several affirmative defenses and factual averments which no reply is required pursuant to the Civil Practice Act. Thus the motion must be denied as a matter of law.Defendants state that the complaint is poorly pled and while plaintiff disagrees with this assertion, Georgia Courts have held that "no matter how poorly a complaint has been drafted, if the complaint sufficiently raises possible theories of recovery, it should not be dismissed. Dillingham v. Doctors Clinic, P.A., 236 Ga. 302, 223 S.E.2d 625 (1976). *See Also*, Martin v. Brown, 222 Ga. App. 566, 567, 474 S.E.2d 742, 744 (1996).

4. Plaintiff objects to the Magistrate's report because Defendants state that plaintiff did not sufficiently plead every element of the causes of action, but when considering a motion to dismiss it must be remembered that on a "motion to dismiss for failure to state a claim upon which relief can be

granted, the issue is not whether the petition pled a claim in an ideal manner but whether it sufficiently gave [defendants] fair notice of the claim and a general indication of the type of litigation involved. See Dillingham v. Doctors Clinic, P.A., 236 Ga. 302, 303, 223 S.E.2d 625 (1976); Christner v. Eason, 146 Ga.App. 139, 140, 245 S.E.2d 489 (1978)." Lathem v. Hestley, 270 Ga. 849, 850, 514 S.E.2d 440, 441 (1999). See Also, Martin v. Brown, 222 Ga. App. 566, 567, 474 S.E.2d 742, 744 (1996) (A plaintiff does not have to plead in the complaint facts sufficient to set out the element of a cause of action so long as the complaint puts the opposite party on reasonable notice of what issues must be defended against)

5. Plaintiff objects to the Magistrate's report because Defendants also state that a claim of trespass cannot lie because plaintiff failed to allege an entry upon the land of another. This assertion is absolutely false. Georgia law defines trespass as "any misfeasance, transgression, or offense which damages another's health, reputation, or property. O.C.G.A. § 1–3–3(20). The term ""property" includes not only the land possessed, but also the rights of the owner in relation to that land. The owner has the rights to possess, use and dispose of the property and the corresponding right to exclude others from using the property." Dep't of Transp. v. Arnold, 243 Ga.

App. 15, 530 S.E.2d 767 (2000). Moreover, the case cited by plaintiff contradicts their position as it clearly defines trespass as "every act which unlawfully interferes with a private property owner's absolute right to enjoy its property is a tort for which an action shall lie." Pope v. Pulte Home Corp., 246 Ga. App. 120, 539 S.E.2d 842, 843 (2000); Ga. Code Ann. § 51-9-1 (West). Additionally, Georgia courts have held that certain activities involving litigation are specifically declared by statute to constitute trespasses. Among these are *wrongful levy* O.C.G.A. § 44–13–108. See Griner v. Culpepper, 164 Ga. 858, 139 S.E. 666 (1927), *foreclosure* Ashley v. Wilson, 61 Ga. 297, 1878 WL 2867 (1878); Smith v. Taylor, 120 Ga. App. 389, 170 S.E.2d 752 (1969); Boaz v. Latson, 260 Ga. App. 752(2), 580 S.E.2d 572 (2003) (physical precedent only) rev'd in part on other grounds, 278 Ga. 113, 598 S.E.2d 485 (2004)., and *eviction* Entelman v. Hagood, 95 Ga. 390, 22 S.E. 545 (1895); Albert Properties, Inc. v. Watkins, 143 Ga. App. 184, 237 S.E.2d 670 (1977)., all have been held to constitute actionable trespasses.

6. Plaintiff objects to the Magistrate's report as Defendants allege that plaintiff's RICO claim is insufficiently plead but when the Georgia Court of Appeals reviewed a RICO claim for its adequacy it held a RICO violation

pursuant to O.C.G.A § 16-14-4, and any subsequent recovery pursuant to O.C.G.A § 16-14-6(c), only requires that the plaintiff "show an injury by a pattern of racketeering activity", State of Ga. v. Shearson Lehman Bros., 188 Ga.App. 120, 121(2), 372 S.E.2d 276 (1988). A pattern requires at least two interrelated predicate offenses. O.C.G.A § 16-14-3(8). In asserting a RICO claim, the plaintiff is "not required to expressly allege which of the acts recited in the narrative of events constitute predicate criminal acts for RICO purposes. In the complaint the [defendant] alleges theft by conversion, O.C.G.A § 16-8-4, theft by deception, O.C.G.A § 16-8-3, and mail fraud, 18 USC § 1341, which all constitute RICO predicate acts. See O.C.G.A §§ 16-14-3(9)(A)(ix); 16-14-3(9)(A) (xxix). Although [the counterclaims may not] specify all the acts which …constitute these crimes, at this point [she is] not required to. [Plaintiffs] may move for a more definite statement if one is necessary. *Maddox v. Southern Engineering Co.,* 216 Ga.App. 6, 8(2), 453 S.E.2d 70 (1994)." Brown v. Freedman, 222 Ga. App. 213, 217, 474 S.E.2d 73, 77-78 (1996).

This 28th day of November, 2013.

          Respectfully Submitted,

          /s/Deirdre M. Stephens-Johnson

          Georgia Bar No. 678789

          4567 Rockbridge Rd. #1537

          Pine Lake, GA 30072

          (404) 537-3002 phone

          (404) 537-3003 fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEISHA MAMON ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | CIVIL ACTION # |
| ) | 1:13-cv-02301-AT-GGB |
| MIDLAND FUNDING, LLC, et al. ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was prepared in 14 point Times New Roman Font and complies with the margin and formatting requirements of L.R. 5.1 N.D. Ga.

This 28th day of November, 2013.

                                                                        Respectfully Submitted,

                                                                         /s/<u>Deirdre M. Stephens-Johnson</u>
                                                                         Deirdre M. Stephens-Johnson
                                                                         Georgia Bar No. 678789
                                                                         4567 Rockbridge Rd. #1537
                                                                         Pine Lake, GA 30072
                                                                         (404) 537-3002 phone
                                                                         (404) 537-3003 fax

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KEISHA MAMON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **CIVIL ACTION #** |
| | ) | **1:13-cv-02301-AT-GGB** |
| **MIDLAND FUNDING, LLC, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that on November 28, 2013, I electronically filed the foregoing Plaintiff's Objections to The Magistrate Judge's Report and Recommendation using the CM/ECF system, which will automatically send e-mail notification of this filing to all attorneys of record.

This 28th day of November, 2013.

                                                        Respectfully Submitted,
                                                        /s/Deirdre M. Stephens-Johnson
                                                        Georgia Bar No. 678789
                                                        4567 Rockbridge Rd. #1537
                                                        Pine Lake, GA 30072
                                                        (404) 537-3002 phone
                                                        (404) 537-3003 fax