IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEISHA L. MAMON,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC ASSIGNEE OF CITIFINANCIAL, INC., and FREDERICK J. HANNA & ASSOCIATES, P.C.,<br><br>    Defendants. | Civil Action File No.<br>1:13-cv-2301-AT |

**DEFENDANT FREDERICK J. HANNA & ASSOCIATES, P.C.'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO R&R**

Defendant Frederick J. Hanna & Associates, P.C. ("FJH") hereby responds to Plaintiff's Objections to the Magistrate Judge's Report & Recommendation (Doc. 14, the "R&R"), which recommending dismissing this action in its entirety, as follows:

**I.  The R&R Applied The Proper Legal Standard For Governing a Motion to Dismiss**

Fed. R. Civ. P. 81(c) provides that the Federal Rules – including those governing the pleading of claims – apply to cases removed to federal court from state court.  Fed. R. Civ. P. 81(c) applies that the Federal Rules of Civil Procedure

apply after a case is removed from state court. In other words, after a case is removed from state court, it "will then proceed as if it had been brought in the federal court originally." *Tehan v. Disability Mgt. Servs., Inc.*, 111 F. Supp. 2d 542, 547 (D.N.J. 2000). Thus, the federal rules and the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) apply to *all* cases in federal court, regardless of whether they were originally filed there or were removed there. *Varney v. R.J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 67 (D. Mass. 2000) ("Even in cases removed from state court, the adequacy of pleadings is measured by federal rules," citing *Hanna v. Plumer*, 85 S. Ct. 1136 (1965).) "By including federal claims in his state-court complaint, [the plaintiff] subjected himself to the possibility that the defendants would remove the case to federal court, where his complaint would be governed by the current federal pleading standard." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938 (8th Cir. 2012) (applying federal pleading standards to a removed complaint) (internal punctuation and citations omitted).

The vast majority of courts to have addressed the issue have held likewise, and indeed Plaintiff does not cite to a single decision reaching the opposite conclusion. *See, e.g., Genella v. Renaissance Media*, 115 F. App'x 650, 653 (5th Cir. 2004) ("While this case originated in state court and was later removed to

federal court . . . , Genella's pleadings must nevertheless conform to federal pleading requirements."); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2008) (applying Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud claims in removed action);); *Braden v. Tornier, Inc.*, No. C09-5529RJB, 2009 WL 3188075 (W.D. Wash. Sept. 30, 2009) ("It is well settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal. . . . Accordingly, the Federal Rules of Civil Procedure and the U.S. Supreme Court's holding regarding pleading requirements announced in, apply." (Internal punctuation and parallel citations omitted.)); *Heffley v. Acme Markets, Inc.*, No. 1:08-cv-3397-NLH-JS, 2009 WL 1090660, *2 (D.N.J. April 20, 2009) (rejecting as "completely without merit" the argument that "since the Complaint was initially filed in state court it should not be held to federal pleading standards.").

The weight of federal authority supports the Magistrate's decision to apply federal pleading standards to a complaint pending in federal court, notwithstanding the fact that it was originally filed in state court. FJH respectfully suggests that to hold otherwise would require disregarding not only the persuasive authority cited above, but the plain language of Fed. R. Civ. P. 81(c). Plaintiff's first objection is

without merit.

## II.     Dismissal of Plaintiff's Trespass Claim is Mandated

In objecting to the portion of the R&R recommending dismissal of Plaintiff's trespass claim, Plaintiff appears to misunderstand the legal basis for that recommendation. It is well settled that a trespass may exist even without "entry upon the land of another." Plaintiff's Objections, p. 3. Georgia law, however, forecloses such an action when the alleged interference with the plaintiff's rights occurs by way of any judicial proceeding. Plaintiff here alleged that FJH committed a trespass "by wrongfully and unlawfully seeking a judgment and subsequently filing a garnishment action" against her. Complaint, ¶ 16. As this court has previously held, to the extent any deprivation of property occurred at all, the plaintiff's remedy, if any, "would be ni the nature of an action for malicious use of process," *not* trespass. *Analytical Systs., Inc. v. ITT Comm. Fin. Corp.*, 696 F. Supp. 1469, 1473 (N.D. Ga. 1986). Such actions are also absolutely privileged under O.C.G.A. § 51-5-8.

In arguing to the contrary, Plaintiff points to a number of litigation-related acts which have been "specifically declared by statute to constitute trespasses." Plaintiff's Objections, p. 4. The fact that the Georgia legislature has carved out certain limited exceptions to the general rule that the filing of lawsuits cannot form

the basis of a trespass or any other tort claim does not support Plaintiff's position in this case. To the contrary, it indicates that when the legislature desires to make the filing of a lawsuit actionable, it knows precisely how to do so. In declaring certain conduct actionable, the Georgia General Assembly evidently chose *not* to allow plaintiffs to bring claims for trespass under the circumstances present in this case.

Finally, even if the substantive law of Georgia did allow a trespass claim to be pursued based on FJH's alleged conduct, federal pleading standards nevertheless support dismissing, or at a minimum ordering that plaintiff replead, her trespass claim to clarify the basis of her claims. *See* Brief in Support of Defendant FJH's Motion to Dismiss, p. 10.

For all of these reasons, Plaintiff's objections to the portion of the R&R recommending dismissing the trespass claim should be overruled.

### III. Plaintiff's RICO Claim Fails Because Plaintiff Has Not Alleged Any Predicate Acts

In the brief supporting its Motion to Dismiss, Defendant FJH showed that Plaintiff's RICO claim should be dismissed because, among other failures, Plaintiff failed to allege a pattern of racketeering activity and necessary predicate criminal acts by FJH. In objecting to the R&R's recommendation to dismiss her RICO claim, Plaintiff contends that her Complaint satisfies the standard set forth in

*Brown v. Freedman*, 222 Ga. App. 213, 217 (1996), which held that the plaintiff did not have to "expressly allege which of the acts she recites in her narrative of events constitute predicate criminal acts for RICO purposes."

Even assuming that *Brown*'s holding would satisfy the applicable *Twombly/Iqbal* analysis appropriate now that the case is in federal court, *see Christiansen*, 674 F.3d at 938, Plaintiff misses a critical distinction. In *Brown*, the plaintiff satisfactorily pled two predicate acts of conversion; indeed, the trial court denied the defendant's motion for summary judgment as to that claim. Unlike the Complaint in *Brown*, however, Plaintiff's Complaint in this case fails to allege any conduct that *could theoretically* be a predicate act for a RICO claim, because, as shown above and in FJH's brief in support of its motion to dismiss, the acts alleged in Plaintiff's Complaint cannot form the basis of *any* legal claim against FJH. Although Plaintiff cursorily alleges that FJH committed theft, breached some unspecified fiduciary obligations, and filed false statements, she fails to explain what property FJH appropriated, fails to elaborate on the nature of any duty owed or how it was breached, and fails to identify what documents filed by FJH were false, how they were false, or even when or where they were filed. *See* Complaint at ¶¶ 23-26.

This case does not present a situation where Plaintiff has adequately pled

*some* predicate acts and FJH is seeking clarification as to *each and every* act Plaintiff contends violates RICO.  *Cf. Brown*, 222 Ga. App. at 217 ("Although [the plaintiff] does not specify *all the acts* which she alleges constitute these crimes, at this point she is not required to." (Emphasis added.)).  Instead, Plaintiff has failed to plead even a single predicate act and therefore has failed to state a RICO claim against FJH.  Plaintiff's RICO claim should be dismissed and her objection to the portion of the R&R recommending that dismissal should be overruled.

## IV. Plaintiff's Remaining Objections Are Without Merit

Plaintiff's second, third, and fourth objections to the R&R challenge the R&R on grounds too vague to fully respond to.  For example, although Plaintiff contends that the R&R "did not take all elements of Plaintiff's complaint as true," she fails to specify which allegations Magistrate Brill improperly disregarded.  Similarly, Plaintiff fails to allege which affirmative defenses and factual averments by FJH are relied on in FJH's motion.  In seeking dismissal of Plaintiff's claims, FJH did not rely on any of its affirmative defenses, nor did it rely on factual averments inconsistent with Plaintiff's.  In fact, FJH expressly acknowledged that it was accepting Plaintiff's allegations as true, consistent with well settled law requiring the Court to do the same.  Brief in Support of Defendant FJH's Motion to Dismiss, p. 3.  FJH did not ask the Court to disregard any of Plaintiff's allegations,

and FJH is of the opinion the Court did not in fact do so. Rather, the R&R's recommendation appears to be based on the legal authorities establishing that Plaintiff's allegations, when taken as true, fail to state a claim as a matter of law against FJH.

## V.     Conclusion

For all the reasons shown above, Plaintiff's objections to the R&R are without merit. The thorough and well-reasoned analysis contained in the R&R should be adopted in its entirety as the order of this Court, and each of Plaintiff's claims should be dismissed.

Respectfully submitted this 23rd day of December, 2013.

/s/ J. Matthew Maguire, Jr.
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
Jennifer K. Coalson
Georgia Bar No. 266989
**PARKS CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Phone: (404) 873-8000
mmaguire@pcwlawfirm.com
jcoalson@pcwlawfirm.com

*Attorneys for Defendant Frederick J. Hanna & Associates, P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEISHA L. MAMON,<br><br>        Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC ASSIGNEE OF CITIFINANCIAL, INC., and FREDERICK J. HANNA & ASSOCIATES, P.C.,<br><br>        Defendants. | Civil Action File No.<br>1:13-cv-2301-AT |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO R&R** upon counsel for all parties by filing this document with the Court's CM/ECF system, which will e-mail a copy of the same to all counsel of record as follows:

Deirdre M. Stephens-Johnson
The Law Office of Dierdre M. Stephens-Johnson, LLC
4567 Rockbridge Road #1537
Pine Lake, GA 30072
dsjohnsonlaw@gmail.com

This 23rd day of December, 2013.

/s/ J. Matthew Maguire, Jr.
J. Matthew Maguire, Jr.
Georgia Bar No. 372670

-9-